August T. Janszen (0062394)
Attorney for Plaintiff,
Bettina King

## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **BETTINA KING** <br> 4265 Miamitrail Lane <br> Cincinnati, OH 45252 | : <br><br> : | Case No. _____ <br><br> Judge: _____ |
| Plaintiff, | : | |
| v. | : | |
| **KAYAK POOLS MIDWEST** <br> 845 East 65th Street <br> Indianapolis, IN 46220 | : <br><br> : | |
| and | : | |
| **AMERICAN MARKETING GROUP, INC.** <br> **D/B/A KAYAK POOLS MIDWEST** <br> C/O Statutory Agent, <br> Registered Agents Inc. <br> 5534 Saint Joe Road <br> Fort Wayne, IN 46835 | : <br><br><br> : <br><br> : | |
| Defendants. | | |

## COMPLAINT WITH JURY DEMAND

Now comes Plaintiff, Bettina King, and for her Complaint against Defendants, Kayak Pools Midwest, American Marketing Group, Inc. d/b/a Kayak Pools Midwest, and Kayak Pools Corporation, states as follows:

### Parties

1. Plaintiff Bettina King (hereinafter "King" or "Plaintiff") is an individual who resides at 4265 Miamitrail Lane in Cincinnati, Hamilton County, Ohio 45252 (hereinafter "Property").

2. Defendant American Marketing Group, Inc. d/b/a Kayak Pools Midwest is an Indiana corporation with its business and/or corporate offices located at 845 East 65th Street in Indianapolis, IN 46220, which is engaged in the business of marketing and selling the installation of swimming pools to consumers in the State of Ohio.

3. Based upon information and belief, including the various corporate filings, Defendant Kayak Pools Midwest is either a wholly owned subsidiary of American Marketing Group, Inc. and/or the trade name used by American Marketing Group, Inc.

4. American Marketing Group, Inc. has registered the trade name "Kayak Pools Midwest" for use in the State of Ohio.

5. American Marketing Group, Inc. and Kayak Pools Midwest are hereinafter collectively referred to as "Kayak" or "Defendants."

## Background

6. On May 1, 2021, King entered into a contract with Kayak for the installation of a pool at her Property (hereinafter the "Agreement"). A true and accurate copy of the Agreement is attached hereto as <u>Exhibit 1</u> and incorporated by reference.

7. Pursuant to the express terms and conditions of the Agreement, Kayak was required to obtain all necessary permits and approvals, excavate the Property for installation of the pool, construct and install a Kayak-brand pool with Kayak-manufactured parts and materials, and provide Plaintiff with the related Kayak products and services, in accordance with all applicable permits, building and zoning codes and requirements, all applicable professional and/or industry standards for workmanship and installation of the pool, and the terms and conditions of the Agreement.

8. In April of 2022, Kayak commenced work on Plaintiff's pool.

9. Kayak negligently excavated Plaintiff's Property at the wrong depth and dimensions for the swimming pool to be installed properly. Kayak also negligently excavated the Property in a manner that required excessive backfill based upon the size, dimensions, and location of the pool on Plaintiff's Property.

10. Kayak then negligently installed the swimming pool, only to discover that the excavation depth was improper by four inches.

11. As part of this negligent excavation and installation, Kayak's agent, representative, contractor, and/or employee named "Blake" instructed Plaintiff to purchase two hundred (200) tons of dirt, which he indicated was required for the backfill.

12. At Kayak's request and direction, Plaintiff purchased and accepted delivery of an initial 60 tons of dirt on the day after this request at a cost of $31,396.75.

13. On the day after 60 tons of dirt were delivered to Plaintiff's Property, "Blake" and his team of Kayak workers or contractors walked off of the job and never returned.

14. After several demands for performance by Plaintiff, Kayak sent a second team of workers and/or contractors to perform its obligations under the Agreement, supervised by another Kayak worker and/or contractor named "Don."

15. Don informed Plaintiff that the 60 tons of dirt was not needed for the backfill.

16. Kayak negligently tried and failed to remedy the defective work performed by the first Kayak installation team, first by taking the pool apart again, jacking up the pool and excavating the additional four inches needed for the swimming pool. In the process of doing the remediation work, Kayak negligently damaged the pool, the lattice, railings, and related components.

**JANSZEN LAW FIRM**
A Legal Professional Association

17. Kayak negligently installed the wrong size skimmers, which are not even Kayak-brand components. The installation of proper skimmers would require a replacement of the swimming pool liner at a cost of $5,000.00.

18. Kayak negligently installed the electrical components and hardware. Plaintiff has paid more than $4,775.00 to repair and remedy the negligent and defective electrical work performed and/or components provided by Kayak.

19. Kayak negligently installed the plumbing components of the pool, improperly constructing the plumbing fixtures below the water level of the pool and negligently failing to connect the plumbing components properly.

20. Kayak negligently installed the gate and/or latch in a backwards manner and opening in the wrong direction, rendering the safety lock completely useless and ineffective.

21. Plaintiff still has 60 tons of dirt/fill sitting on her Property, where it has remained since last summer. To date, Plaintiff has paid $6,267.50 in an effort to remediate some of the excessive dirt condition.

22. Kayak negligently failed to provide Plaintiff with several important component parts and supplies, needed for the use, maintenance, and/or winterization of the pool.

23. Throughout the installation, remediation, and repair process, Kayak made numerous promises and representations to Plaintiff regarding additional work and services that would be provided, given the problems, defects, delays, and repeated but ultimately unsuccessful efforts to remedy the defective work. These representations and promises included (a) providing all labor and equipment needed to properly backfill the swimming pool and remediate the 60 tons of dirt condition, (b) paying for the additional electrical work, required due to Kayak's negligence,

4

and (c) providing cleaning and winterization services. Kayak reneged and/or breached all of these promises and representations.

### First Claim for Relief

24. Plaintiff incorporates by reference the facts and allegations set forth in the preceding paragraphs as if fully rewritten herein.

25. Kayak breached the Agreement by negligently failing to install the swimming pool properly and by failing to install the swimming pool in accordance with the terms and conditions of the Agreement.

26. Kayak breached the Agreement by failing to install the swimming pool in a workmanlike manner and in accordance with the applicable professional and/or industry standards for workmanship.

27. As a direct and proximate result of Kayak's breach of contract, Plaintiff has sustained actual damages and losses in excess of $50,000.00.

### Second Claim for Relief

28. Plaintiff incorporates by reference the facts and allegations set forth in the preceding paragraphs as if fully rewritten herein.

29. At all times relevant to this action, Plaintiff has been a "consumer" as that term is used and defined in Sections 1345.01 *et seq.* of the Ohio Revised Code and the Ohio Consumer Sales Practices Act ("OCSPA").

30. At all times relevant to this action, Kayak has been a "supplier" as that term is used and defined in the OCSPA.

31. The sale and installation of a swimming pool on Plaintiff's Property was a "consumer transaction," as that term is used and defined in the OCSPA.

5

32. Kayak has engaged in unfair and deceptive acts and practices in connection with a consumer transaction, in violation of R.C. 1345.02, including but not limited to (a) using incompetent, unqualified workers and/or contractors to excavate and install the swimming pool, (b) representing that Plaintiff's pool would have performance characteristics, accessories, uses, and benefits that it did not have and does not have, (c) representing that the swimming pool and components would be of a particular standard, grade, style, and/or quality, that it does not have, (d) that the subject of the consumer transaction would be supplied in accordance with previous representations and promises, and (e) that the swimming pool would be installed in a professional, competent, and workmanlike manner.

33. Kayak has knowingly and purposefully committed unfair and deceptive trade practices against Plaintiff, including but not limited to failing and refusing to provide the remediation work and services, which were represented in writing to Plaintiff, and reneging on such agreements and representations.

34. As a direct and proximate result of Kayak's violations of the OCSPA, Plaintiff has sustained actual damages and losses in excess of $50,000.00.

35. Plaintiff is entitled to an award of all costs and reasonable attorney's fees incurred in this action.

### Third Claim for Relief

36. Plaintiff incorporates by reference the facts and allegations set forth in the preceding paragraphs as if fully rewritten herein.

37. At all times relevant to this action, Plaintiff has been a "buyer" as that term is defined in Sections 1345.21 et seq. of the Ohio Revised Code, the Ohio Home Solicitation Sales Act ("OHSSA").

38. The marketing, sale, and installation of the swimming pool at Plaintiff's Property was a "home solicitation sale," as that terms is used and defined in the OHSSA.

39. The defective work and services provided by Kayak, as well as Kayak's unfair and deceptive trade practices, also violate OHSSA.

40. As a direct and proximate result of Kayak's violations of the OHSSA, Plaintiff has sustained actual damages and losses in excess of $50,000.00.

41. Plaintiff is entitled to an award of all costs and reasonable attorney's fees incurred in this action.

### Fourth Claim for Relief

42. Plaintiff incorporates by reference the facts and allegations set forth in the preceding paragraphs as if fully rewritten herein.

43. At all times relevant to this action, including the excavation and the installation of the swimming pool and components, Kayak owed a duty of reasonable care to Plaintiff to perform such work and services in a professional, diligent, and workmanlike manner.

44. Kayak negligently installed the swimming pool and related components.

45. Kayak negligently advised Plaintiff to purchase and accept deliver of 60 tons of dirt, which was not needed and remains on Plaintiff's Property.

46. As a direct and proximate result of Kayak's negligence, Plaintiff has sustained actual damages and losses in excess of $50,000.00.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendants as follows:

(1) An award of compensatory damages in an amount not less than $50,000.00, together with prejudgment and post-judgment interest;

(2) An award of all costs and reasonable attorney's fees incurred in this action; and

JANSZEN LAW FIRM
A Legal Professional Association

E-FILED 05/01/2023 8:13 PM / CONFIRMATION 1315150 / A 2301825 / COMMON PLEAS DIVISION / IFIJ

(3) All other legal and/or equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

_____
August T. Janszen (0062394)
JANSZEN LAW FIRM CO., L.P.A.
4555 Lake Forest Drive, Suite 330
Cincinnati, OH 45242
(513) 326-9065 (telephone)
(513) 535-5333 (mobile)
atjanszen@janszenlaw.com
Attorney for Plaintiff,
Bettina King

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims and issues herein.

_____
August T. Janszen (0062394)

## INSTRUCTIONS TO THE CLERK:

Please serve Defendants with a Summons and a copy of the Complaint at the address set forth in the caption hereto.

_____
August T. Janszen (0062394)

# Exhibit 1

DocuSign Envelope ID: 4B6BCAB0-DD79-4B87-9C47-E46A4B28A473

**Kayak Pools**

**Toll-Free Customer Information Hotline:**
1-800-31 KAYAK (52925)
www.kayakpoolsmidwest.com

**Where Customer Heard About Us**
(Must be filled out)
Mother told them

Date: 5/1/2021

Name: Bettina King
Name: Torry King
Address: 4265 Miamitrail Lane
City: Cincinnati

Home Phone: 513-580-1790
Cell Phone: 513-617-4797
Cell Phone:
Email: BETTINAKLEINHMEZ@GMAIL.COM
State OH   Zip 45252   County Hamilton

**POOL**   Type: Kayak
Size: 16x32

Color: ☐ Surf Blue  ☒ Grey  ☐ Earth Tan    Depth: ☒ Flat Bottom    Assembled By: ☒ Kayak
                                                    ☐ Deep End                         ☐ Customer
**Your Custom Package Includes:**                                                       ☐ Partial

Liner: ☒ 25 mil ☐ 20 mil       Filtration:                        Heater:                          Pool Entry:
Fencing: ☒ 36" ☐ 46"           ☐ Sand Filter & Pump              ☐ Gas/Propane                    ☒ S.S. In Pool Ladder
Covers: ☒ Solar ☒ Winter       ☒ Cartridge Filter & Pump            ☐ 125 ☐ 250                   ☐ Self-Locking Ladder
        ☐ Electric             ☒ Dual Bottom Drains              ☒ Elec Heat Pump                 ☒ Self-Locking Gate
☒ 48" Walls                    ☐ Supermax Upgrade                Slope: ☐ No ☒ Yes, 3 ft          ☐ Drop In Steps
☒ Skimmer & Return Port        Purification:                     Recess: ☒ No ☐ Yes, ft           ☐ Underliner Corner Steps
☒ Maintenance Kit              ☒ Auto Chlorinator                Backfill & Materials will be     Extras:
☒ Aquador System               ☐ Salt System                     completed by customer unless     ☒ In pool light: Qty 2
                                                                 otherwise specified              ☒ Solar Reel

Extras: Kayak to obtain the Permit and provide Sand. Customer understands installation timeline.

I agree to a __1__ year demo homesite agreement which includes __1__ year yard sign.

**Installation normally occurs within 45-60 business days, after all necessary paperwork, financing arrangements, and permits have been finalized, excluding weather conditions and any major unforeseen circumstances. Customer agrees to provide sand, water, excess dirt removal, electrical hookups, and all permits. I/We are aware this is major construction and there will be yard damage from heavy machinery in the yard. Kayak will sub a landscaping company to repair the yard for 15% fee of total sale price or I/we will take care of yard repair. I understand and agree to all of these policies.**

X [BK]   X [TK]

You agree to all terms of our Demo Homesite Program and agree not to divulge price of pool

*PLEASE MAKE ALL CHECKS PAYABLE TO: Kayak Pools Midwest*

*SUMMARY OF PAYMENT:*        All checks will be deposited as soon as received unless otherwise specified
1. Price of pool package     $ 42500.00
2. Freight & Delivery        $ —                               All sales subject to management approval.
3. Total Price               $ 42500.00                        Only certified checks are accepted for amounts due upon
4. Initial deposit           $ 10637.00    Check by Phone      delivery or completion. We have a limit of $5,000 total
5. Total balance due         $ 31863.00                        when being paid on a Visa, MasterCard or Discover,
6. Amount due before delivery $ —                              with a limit of $2,500 on American Express. 25% of the
7. Amount due on delivery    $ 30863.00                        total purchase price is needed before pool is ordered on
8. Amount to be financed     $ —                               all cash sales.
9. Amount due on completion  $ 1000.00

**AGREEMENT:** You agree to be bound by the Terms and Conditions of this agreement. By signing this agreement, you acknowledge receipt of a completely filled out copy of this agreement, two completed copies of this notice of cancellation, and confirm that you have been orally informed of your right to cancel.

[Signed: Bettina King]                5/1/2021          Sherri Stewart
Signature of Buyer 1                  Date              Ron Hilton
                                                        Kayak Pools Midwest Representative
[Signed: Torry King]                  5/1/2021
Signature of Buyer 2                  Date

Sale contingent on all city codes and association requirements being met on Kayak Pools Midwest assembled pools.

---

**"BUYERS NOTICE OF CANCELLATION"**
Date: 5/1/2021

You may CANCEL this transaction, without any Penalty or Obligation, within THREE BUSINESS DAYS from the above date. If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within TEN BUSINESS DAYS following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled.

If you cancel, you must make available to the seller at your residence, in substantially as good condition as when received, any goods delivered to you under this contract or sale, or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk. If you do make the goods available to the seller and the seller does not pick them up within 20 days of the date of your Notice of Cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

To cancel this transaction, mail or deliver a signed and dated copy of this Cancellation Notice or any other written notice, or send a telegram, to Kayak Pools Midwest, at 845 E 65th Street Indianapolis, IN 46220.

I HEREBY CANCEL THIS TRANSACTION.

Date: _____   Buyer's Signature: _____